UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| STEVEN W. TABER | ) | |
| RENE TABER | ) | |
| | ) | |
| Plaintiffs | ) | Case No. 4:16-cv-00162 SWH |
| | ) | |
| v. | ) | |
| | ) | |
| FORD MOTOR COMPANY | ) | |
| | ) | ORAL ARGUMENT |
| | ) | REQUESTED |
| Defendant. | ) | |

**PLAINTIFFS' SUGGESTIONS IN SUPPORT OF**
**THEIR FOURTH MOTION FOR RULE 37 SANCTIONS**

**INTRODUCTION**

Plaintiffs by and through their attorneys of record, hereby move the Court for an Order pursuant to Rule 37(b)(2)(A)(i)-(iii),(v)-(vii) against Defendant Ford Motor Company on the grounds and for the reasons set forth herein. This Motion is supported by the attached exhibits, files and records in this civil action, and such evidence as will be adduced at the requested hearing on this Motion.

1. This is the Plaintiffs' fourth motion for Rule 37 sanctions that arises from their first motion and suggestions (Docs. 48 & 49). Plaintiffs bring this fourth motion because once again Ford Motor Company has willfully, systematically and continuously violated this Court's Scheduling Orders, discovery conference agreements order (Doc. 109) and directives entered in this case as well as Ford's duties under Rule 26(e).

2. As the court is well aware the subject of discovery of other similar incidents requested in the Plaintiffs' First Request for Production 8, 10 and 11 (Doc. 49 Exhibit 2) has been a subject of multiple local rule 37.1 hearings, meet and confers and correspondence. Ford

repeatedly has claimed it has produced all responsive documents and things. See, Docs. 49-18 and 49-19 Ford's lists of prior lawsuits and claims. Plaintiffs' have suggested that Ford has not been fully forthcoming as its production is inconsistent with it own GIS1 record retention policy and the applicable suspension order 859981. That issue is spread of record in the case.

3. In conducting legal research in response to Ford's pending motion for summary judgment counsel has come across yet another example of Ford's contumacious discovery conduct. *Teresa and Terry Estep v. Mike Ferrell Ford Lincoln-Mercury, Inc.,* 672 S.E. 2d 345 (W.Va. 2008) **(Exhibit 1**) is a case that should be on Ford's lawsuit list but was not. The Estep's brought this lawsuit against Ford for claims similar to the Taber's. Teresa Estep was driving their 1999 Ford Ranger and lost control. The Ranger traveled off the road and struck a tree. Her driver's side airbag failed to deploy and she sustained serious injuries. They filed their complaint in 2002 and the case was tried in 2006 and resulted in a verdict in their favor. On appeal the Supreme Court of Appeals of West Virginia affirmed the verdict.

4. The *Estep* case fits directly in the scope of discovery in this case and being a case that was thoroughly litigated, tried and appealed is not a matter that Ford would misplace as Ford does have it Litigation Matters database (LMMS) kept in the office of general counsel.

5. Howard Slater another Design Analysis Engineer was deposed and asked about where he would go for OSI information. Here is his testimony.

> Q. Okay. I asked for information on other similar incidents involving similar designs and rashes. In your experience in collecting information as part of your design analysis duties, where would you go or who would you contact to extract information of other similar incidents?
> A. I would have to go to the Office of General Counsel.
> Q. And where would you – where would that information be stored?
> A. I don't know.
> 
> Howard Slater, 100:4-13
> November 9, 2016

6. Ram Krishnaswami another Design Analysis Engineer has been Ford's representative throughout this case. He has been deposed three times; twice as an expert and once as Ford's Rule 30(b)(6) witness on other similar incidents. In his first deposition when asked about other Ranger non-deploy claims and suits he had the following to say:

> Q. And -- true, like we all are. But in his experience at Design Analysis, that when in litigated matters when, through court process, someone would ask Ford Motor Company provide to us your factual information about other claims, other lawsuits, that sort of thing, if that was stored and preserved at the Ford Motor Company's Design Analysis office, has there been some sort of change, I guess?
>
> THE WITNESS: I don't know the context in which he said that, but I know for a fact that it's not accessible to me like, you know, but I will tell you this: If I had a case which had a Ranger allegation, non-deployment and things like that, if I see it in my list, I would definitely alert it to you; so in that regard, my memory -- I do rely on my memory, and I'm going to be forthright with you on that, but beyond that, I don't know how to help you.
>
> Ram Krishnaswami, 37:3-24
> February 7, 2017

In his Rule 30(b)(6) testimony he was to be duly prepared as required by the rule and decided case law. See, *Poole ex rel. Elliott v. Textron, Inc.,* 192 F.R.D. 494, 504 (2000) and *Dwelly v. Yamaha Motor Corp., USA,* 214 F.R.D. 537 (D. Minn. 2003). The Defendant has an obligation under the law to provide a corporate representative who can give factual responses rather than disclaim knowledge. <u>*In re Vitamins Antitrust Litigation*</u>, 216 F.R.D. 168,172-174 (D.D.C.2003).

7. In hindsight it is apparent that no one followed Howard Slater's advise and went to the office of general counsel for OSI information. Clearly, the Estep case demonstrates like the hidden Forsythe photographs (Hearing March 16, 2017 Exhibit 2) and Affidavit of Jane Rocha de Gandara (Hearing March 16, 2017 Exhibit 1) Ford Motor Company has willfully engaged in long-standing and continuing course of discovery misconduct calculated to delay, obstruct and defeat Plaintiffs' discovery embodied in the Taber's First Request for Production of Documents and the discovery agreements of the parties arrived at under Local Rule 37.1 and thereafter. This

3

misconduct was calculated to prejudice Plaintiffs' deposition discovery and trial preparation for the continued May 7, 2018 setting. That course of conduct began with the first local rule 37.1 conference with the court on November 11, 2016 and is continuing. Ford's discovery misconduct has been evidenced by the following:

      a.    Supplying Plaintiffs with incomplete and redacted documents;

      b.    Manipulating the sequence, timing and content of documents and things produced;

      c.    Deliberately withholding material documents and things known to exist including the Ford Sensor Design Manual and other documents preserved under the directives of Ford's suspension order 859981;

      d.    Filing false discovery declarations to limit or defeat Plaintiffs' discovery.

8.    The course of discovery misconduct engaged in by Ford in this case is part of its basic and long-standing pattern of delaying, denying and defeating the discovery rights of those seeking information from Ford in product liability litigation. See, Doc. 160-1 samples of prior sanctions against Ford for discovery misconduct.

9.    At this juncture of the proceedings, the only remedy for Ford's willful disobedience to, and violation of, the Court Orders is an Order under Rule 37. Plaintiffs have extensively golden-ruled this case under Local Rule 37.1, as evidenced by numerous letters and the reported conferences.

## **ARGUMENT**

10.    The record in this case clearly demonstrates that Ford has willfully and flagrantly violated prior Orders, it has ignored its discover duties under Rule 26(e) and has represented in the many discovery conferences of record that it has "not spoliated" and produced everything. To

avoid redundancy of the law applicable to this repeated discovery issue the Taber respectfully incorporate their prior arguments in Docs. 48, 49, 90 and 160.

## CONCLUSION

This case was originally set for trial under the court's scheduling order (Doc. 21). To avoid the continued prejudice caused by this latest example of Ford's contumacious conduct the Taber's request full Rule 37(b)(2)(A)(i)-(iii),(v)-(vii) or alternatively Rule 37(c)(1)(A)-(C) relief.

Respectfully submitted,

DEFEO & KOLKER, LLC

*/s/ Daniel T. DeFeo*
Daniel T. DeFeo     MO #35161
G. Dominic DeFeo     MO #67481
1627 Main Street, Suite 801
Kansas City, MO 64108
Telephone: (816) 581-4600
Facsimile: (816) 581-4646
ddefeo@defeokolker.com
gdefeo@defeokolker.com

and

Peterson & Associates, P.C.
David M. Peterson     MO #32229
Brian E. Tadtman     MO #63280
801 W. 47th St., Suite 107
Kansas City, MO 64112
Telephone: (816) 531-4440
Facsimile: (816) 531-0660
dap@petersonlawfirm.com
bet@petersonlawfirm.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on 26th day of January, 2018, the foregoing document was filed using the Court's ECF System, which will send copy to the following:

Turner, Reid, Duncan, Loomer & Patton, PC
Rodney E. Loomer
1355 East Bradford Parkway, Suite A
Springfield, MO 65808-4043
rloomer@trdlp.com

Ms. Sherry A. Rozell
Mr. Steve Ward
McAfee & Taft, PC
Williams Center Tower, II
Two W. Second Street, Suite 1100
Tulsa, OK 74103
Sherry.rozell@mcafeetaft.com
Steve.ward@mcafeetaft.com

Ms. Jenny Zavadil
Bowman & Brooke
41000 Woodward Avenue, Suite 200 E
Bloomfield Hills, MI 48304
Jenny.zavadil@bowmanandbrooke.com

*/s/ Daniel T. DeFeo*
Attorney for Plaintiffs